1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

NINGBO YITUO ENTERPRISE
MANAGEMENT CO., LTD AND
NINGBO YIWEI
MUYINYONGPING
YOUXIANGONGSI,

12

13

14

Plaintiffs,

15

v.

16

GOPLUS CORP.,

17

Defendant.

18

19

20

Case No. 5:24-cv-02548-AJR

**MEMORANDUM DECISION
AND ORDER AWARDING
DEFENDANT REASONABLE
ATTORNEYS' FEES FOR
BRINGING THE SPECIAL
MOTION TO STRIKE (DKT. 12)**

**I.**

**INTRODUCTION**

21

22       This lawsuit is a copyright dispute brought by Plaintiffs Ningbo Yituo

23  Enterprise Management Co., Ltd. and Ningbo Yiwei Muyinyongping

24  Youxiangongsi (collectively, "Plaintiffs") seeking to invalidate U.S. Copyright

25  Registration No. VAu 1-515-727 (the "727 Copyright") held by Defendant GoPlus

26  Corp. ("Defendant").  (Dkt. 1 at 1-4; Dkt. 36 at 1-7.)  Plaintiffs initiated this lawsuit

27  on December 2, 2024, when they filed a complaint alleging one count of copyright

28  invalidity and one count of tortious interference with economic advantage (the

1
2
3
4
5
6
7

"Complaint") against Defendant.  (Dkt. 1.)  On February 3, 2025, Defendant filed a Special Motion to Strike.  (Dkt. 12.)  On March 4, 2025, Plaintiffs filed a Response to the Special Motion to Strike (the "Opposition"), as well as a Supplement to the Opposition.  (Dkts. 15-16.)  On March 18, 2025, Defendant filed a Reply in Support of the Special Motion to Strike (the "Reply").  (Dkt. 18.)  Defendant included with the Reply a declaration supporting Defendant's request for attorneys' fees for bringing the Special Motion to Strike.  (Dkt. 18-1.)

8
9
10
11
12
13
14
15
16
17
18

On April 10, 2025, Judge Kewalramani granted Defendant's Special Motion to Strike and struck Plaintiff's tortious interference claim from the Complaint.  (Dkt. 28.)  In granting the Special Motion to Strike, Judge Kewalramani determined that Defendant was entitled to recover reasonable attorneys' fees for brining the Special Motion to Strike pursuant California Code of Civil Procedure § 425.16(c)(1).  (Id. at 6.)  However, Judge Kewalramani noted that Plaintiffs had not had an opportunity to respond to Defendant's declaration supporting attorneys' fees included with the Reply.  (Id.)  Accordingly, Judge Kewalramani directed that Plaintiffs could file a brief to address the amount of Defendant's attorneys' fees set forth in the Reply no later than April 24, 2025.  (Id.)  On April 24, 2025, Plaintiffs filed an Objection to Defendant's Attorney Fees Request (the "Objection").  (Dkt. 30.)

19
20
21
22
23
24
25

The Court has reviewed the briefing and evidence submitted by the parties and finds it appropriate to take the issue of awarding reasonable expenses to Defendant under submission without a hearing.  See C.D. Cal. L.R. 7-15.  For the reasons set forth below, the Court AWARDS Defendant **$27,415** in reasonable attorneys' fees incurred in bringing the Special Motion to Strike.  Plaintiffs shall make payment and file a notice of compliance no later than **November 3, 2025**, or the Court will impose sanctions for late payment.

26
27

\\

28

\\

2

1
2

## II.

## LEGAL STANDARD

Under California Code of Civil Procedure § 425.16(c)(1), "a prevailing
defendant on a special motion to strike shall be entitled to recover that defendant's
attorneys' fees and costs."  Consistent with the California Legislature's intent in
passing the statute, "the fee provision applies only to the motion to strike, and not to
the entire action."  S. B. Beach Prop. v. Berti, 39 Cal. 4th 374, 138 (2006) (internal
quotation marks omitted).  Section 425.16(c)(1) "authorizes the court to make an
award of reasonable attorney fees to a prevailing defendant, which will adequately
compensate the defendant for the expense of responding to a baseless lawsuit."
Dowling v. Zimmerman, 85 Cal. App. 4th 1400, 1423 (2001) (internal quotation
marks and citation omitted).  Courts have broad discretion to determine what award
is "reasonable" in a particular case.  See Mireskandari v. Daily Mail & Gen. Tr.
PLC, 2014 WL 12586434, at *4 (C.D. Cal. Nov. 7, 2014), aff'd sub nom.
Mireskandari v. Associated Newspapers, Ltd., 665 F. App'x 570 (9th Cir. 2016);
accord Silverstein v. E360Insight, LLC, 2008 WL 1995217, at *8 (C.D. Cal. May 5,
2008).

"The fees awarded should encompass all proceedings directly related to
defendants' special motion to strike, including those hours expended in obtaining
fees."  Mireskandari, 2014 WL 12586434, at *4 (citing cases).  "Fees and costs
unrelated to the special motion to strike are not recoverable under § 425.16,
however."  Id. at *5 (citing cases).  The starting point for a fee award under Section
425.16(c)(1) is to calculate the "lodestar" amount, which is the product of the
number of hours reasonably expended multiplied by the reasonable hourly rate.  See
id. at *11 (citing cases); accord Ketchum v. Moses, 24 Cal. 4th 1122, 1134 (2001).
"Although in most cases, the lodestar figure is presumptively a reasonable fee
award, the district court may, if circumstances warrant, adjust the lodestar to
account for other factors which are not subsumed within it."  Ferland v. Conrad

1  Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal quotation marks

2  omitted).  Factors not subsumed within the lodestar amount may include "the nature

3  of the litigation, its difficulty, the amount involved, the skill required in its handling,

4  the skill employed, the attention given, the success or failure, and other

5  circumstances in the case."  Minichino v. First California Realty, 2012 WL

6  6554401, at *3 (N.D. Cal. Dec. 14, 2012) (internal quotation marks omitted).

7

8                                        **IV.**

9                                  **DISCUSSION**

10       Defendant submitted the Declaration of Ben Wagner to establish its

11  reasonable expenses incurred in bringing the Special Motion to Strike.  (Dkt. 18-1.)

12  Mr. Wagner is a partner with the law firm of Troutman Pepper Locke LLP, which is

13  counsel of record for Defendant in this action.  (Id. at 2-3.)  Troutman Pepper Locke

14  LLP is a national law firm with more than 1,500 attorneys in 34 offices across the

15  United States.  (Id. at 3.)  The firm regularly handles complex intellectual property

16  matters such as this case.  (Id.)  Mr. Wagner is an experienced intellectual property

17  lawyer with 19 years of experience and is lead counsel in this matter with primary

18  responsibility for formulating the plan to respond to Plaintiff's Complaint.  (Id.)  Mr.

19  Wagner's market rate for 2025 is $1,300 per hour, but he has charged Defendant an

20  effective hourly rate of $1,072 per hour for this matter.  (Id.)  Mr. Wagner graduated

21  from the University of San Diego School of Law in 2005 and has received numerous

22  industry recognitions in the area of intellectual property.  (Id.)

23       Jacob Burr is an intellectual property associate with Troutman Pepper Locke

24  LLP who joined the firm in 2022 and was tasked with the majority of the drafting

25  and research related to the Special Motion to Strike.  (Id.)  Mr. Burr's market rate

26  for 2025 is $730 per hour, but he has charged Defendant an effective hourly rate of

27  $680 per hour for this matter.  (Id.)  Mr. Burr graduated *Cum Laude* from the

28  University of Georgia School of Law in 2020 and previously served as a federal law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

clerk in the Southern District of Georgia.  (Id. at 3-4.)

Brandon Reed is also an intellectual property associate with Troutman Pepper Locke LLP who joined the firm in 2018.  (Id. at 4.)  Mr. Reed's market rate for 2025 is $960 per hour, but he has charged Defendant an effective hourly rate of $768 per hour for this matter.  (Id.)  Mr. Reed graduated from Georgia State University School of Law in 2018.  (Id.)

Mr. Wagner is generally familiar with the hourly rates charged by comparable firms in the Los Angeles legal market and therefore believes in good faith that the hourly rates charged by defense counsel in this matter are within the range of reasonable rates commonly charged by lawyers of similar experience and expertise in the Los Angeles market.[1]  (Id. at 3.)  Mr. Wagner's declaration includes as Exhibit 2 a chart of the average hourly billing rates in the Los Angeles market by Troutman Pepper Locke LLP's peer firms in 2024, as determined by Financial Insights.  (Id. at 4; Dkt. 18-3.)  Financial Insights is a service provided by Thomson Reuters that measures prevailing attorney rates across the country.  (Dkt. 18-1 at 4.)  Mr. Wagner's declaration includes as Exhibit 3 copies of all invoices and prebills sent by Troutman Pepper Locke LLP to Defendant in this matter through March 18, 2024, redacted to protect the attorney-client privilege and attorney work product.[2]  (Id.)  Mr. Wagner's declaration summarizes the relevant time and charges as follows:  (1) Mr. Wagner, 3.5 hours at $1,072 per hour, for a total of $3,752; (2) Mr. Burr, 26.7 hours at $680 per hour, for a total of $18,156; and (3) Mr. Reed, 5.7 hours at $768 per hour, for a total of $4,377.60.  (Id. at 4-5.)  Finally, Mr. Wagner

---

[1] The lodestar is calculated "according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits."  Schwarz v. Sec'y of Health & Hum. Servs., 73 F.3d 895, 906 (9th Cir. 1995) (internal quotation marks and citations omitted).

[2] Defendant is willing to provide unredacted copies of all invoices to the Court for *in camera* review if necessary to support the attorneys' fees request.  (Dkt. 18-1 at 4.)

1  estimates an additional eight hours of time will be charged to Defendant "related to

2  the revising, drafting, and finalization of the accompanying reply brief and hearing

3  therefore." (Id. at 5.)

4         Plaintiffs contend that the fees requested by Defendant should be reduced

5  because "some items are not related to the Anti-SLAPP motion." (Dkt. 30 at 1.)

6  Plaintiffs "emphasize[] that Defendant's billing records do not adequately

7  distinguish between work performed on the Anti-SLAPP motion and work related to

8  broader litigation strategy, such as the general discussion within team or with clients

9  are not specifically linked to the Anti-SLAPP motion." (Id. at 2.) "There are also

10  items about [the] motion to dismiss or stay discovery which is irrelevant to the Anti-

11  SLAPP motion itself and shall not be included in the calculation." (Id.) Thus,

12  Plaintiffs asks that this Court "compare the hours sought to benchmarks for

13  comparable Anti-SLAPP proceedings and reduce the award where the time

14  expended is not commensurate with the work reasonably required." (Id.) Finally,

15  Plaintiffs have provided an Appendix to their Objection which identifies the time

16  that Plaintiffs contend is not related to the Special Motion to Strike. (Id. at 3-4.)

17  **A.     Defendant Has Established The Reasonableness Of The Hourly Rates**

18        **Charged.**

19         The Court begins its analysis by determining the reasonable hourly rates for

20  Mr. Wagner, Mr. Burr, and Mr. Reed. See Chalmers v. City of Los Angeles, 796

21  F.2d 1205, 1210 (9th Cir. 1986) ("[T]the district court must determine a reasonable

22  hourly rate considering the experience, skill, and reputation of the attorney

23  requesting fees."), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir.

24  1987). "In determining a reasonable hourly rate, the district court should be guided

25  by the rate prevailing in the community for similar work performed by attorneys of

26  comparable skill, experience, and reputation." Id. at 2010-11. To support the

27  reasonableness of the rates ultimately charged in this matter, Defendant provided the

28  declaration of Mr. Wagner setting forth his knowledge of rates charged by

1
2
3
4
5
6

comparable firms in the Los Angeles legal market and his belief that the rates charged in this matter are within the range of reasonable rates commonly charged by lawyers of similar experience and expertise.  (Dkt. 18-1 at 3); see, e.g., Mireskandari, 2014 WL 12586434, at *12 ("Declarations from local attorneys who practice in the same area of law regarding the prevailing market rate in the community suffice to establish a reasonable hourly rate.").

7
8
9
10
11
12
13
14
15
16
17
18
19

Defendant also provided a chart of the average hourly billing rates in the Los Angeles market by Troutman Pepper Locke LLP's peer firms in 2024, as determined by Financial Insights.  (Dkt. 18-1 at 4; Dkt. 18-3.)  Indeed, courts often rely on market data of rates charged by peer firms to determine reasonable hourly rates.  See, e.g., Meredes-Benz Grp. AG v. A-Z Wheels LLC, 2022 WL 7718800, at *2 (S.D. Cal. Oct. 13, 2022) ("This Court has previously used AIPLA survey data to determine reasonable fee rates in other intellectual property cases . . . ." (internal quotation marks omitted)); accord Iconic Mars Corp. v. Kaotica Corp., 2025 WL 2440887, at *2 (S.D. Cal. Aug. 25, 2025).  According to the chart, the mean rate for a partner of Mr. Wagner's experience (19 years) is $1,066 per hour.  (Dkt. 18-3 at 2.)  The mean rate for an associate of Mr. Burr's experience (5 years) is $798 per hour.  (Id.)  The mean rate for an associate of Mr. Reed's experience (7 years) is $905 per hour.  (Id.)

20
21
22
23
24
25
26

Finally, Defendant provided copies of all invoices and prebills in this matter through March 18, 2024.  (Dkt. 18-4.)  These invoices show the rates billed to Defendant for the time spent on the Special Motion Strike.  (Id.)  Indeed, the rates actually billed to Defendant are relevant to determine a reasonable hourly rate.  See, e.g., Polee v. Cent. Contra Costa Transit Auth., 516 F. Supp. 3d 993, 998 (N.D. Cal. 2021) ("A court may consider an attorney's actual billing rate when determining a reasonable rate.").

27
28

Based on Mr. Wagner's declaration, the Financial Insights market data, and the invoices and prebills provided by Defendant, the Court concludes that Defendant

7

1    has met its burden of producing evidence that the hourly rates charged by Mr.

2    Wagner, Mr. Burr, and Mr. Reed are "in line with those prevailing in the community

3    for similar services by lawyers of comparable skill, experience and reputation."

4    Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) (internal

5    quotation marks omitted).  Additionally, the Court has extensive knowledge of and

6    experience with customary rates in this district and believes that the rates charged

7    are in line with rates charged by attorneys of comparable skill, experience, and

8    reputation for a complex intellectual property matter such as the instant lawsuit.  See

9    Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) ("We conclude that the

10   district court did not abuse its discretion . . . by relying, in part, on its own

11   knowledge and experience . . . .").

12          Thus, the burden shifts to Plaintiffs to submit evidence to dispute the

13   reasonableness of the rates charged by Mr. Wagner, Mr. Burr, and Mr. Reed.  See

14   Camacho, 523 F.3d at 980 ("The party opposing the fee application has a burden of

15   rebuttal that requires submission of evidence to the district court challenging the

16   accuracy and reasonableness of the facts asserted by the prevailing party in its

17   submitted affidavits." (internal quotation marks and ellipses omitted)).  However,

18   Plaintiffs have not submitted any contrary evidence to dispute the reasonableness of

19   the rates charged by defense counsel and do not dispute the reasonableness of the

20   hourly rates.  (Dkt. 30.)  Accordingly, the Court concludes that Defendant is entitled

21   to reimbursement for Mr. Wagner's work at $1,066 per hour, Mr. Burr's work at

22   $798 per hour, and Mr. Reed's work at $905 per hour.

23   **B.**     **The Court Must Reduce The Number Of Hours Billed To Only Those**

24           **Hours Reasonably Expended To Bring The Special Motion To Strike.**

25          The Court next turns to an analysis of the hours charged by defense counsel to

26   determine the number of hours reasonably expended to bring the Special Motion to

27   Strike.  See Ketchum, 24 Cal. 4th at 1133 ("[A]bsent circumstances rendering the

28   award unjust, an attorney fee award should ordinarily include compensation for *all*

8

1    the hours *reasonably spent*, including those relating solely to the fee.").  As set forth

2    above, Plaintiffs contend that some of the time billed by defense counsel was not

3    related to the Special Motion to Strike and therefore Plaintiffs ask the Court to

4    carefully review the hours to ensure that the work was reasonably necessary.  (Dkt.

5    30 at 1-2.)  Accordingly, the Court has carefully reviewed the invoices and prebills

6    provided by Defendant to determine whether the hours billed were reasonably

7    necessary.  See Chalmers, 796 F.2d at 1210 ("In determining reasonable hours,

8    counsel bears the burden of submitting detailed time records justifying the hours

9    claimed to have been expended.").

10        As an initial matter, the Court notes that defense counsel has excluded a

11    significant number of time entries from the invoices and prebills that defense

12    counsel determined were unrelated to the Special Motion to Strike.  (Dkt. 18-1 at 4

13    ("Also redacted are any bills unrelated[] to the anti-SLAPP motion and therefore not

14    sought.")); see Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Counsel for the

15    prevailing party should make a good faith effort to exclude from a fee request hours

16    that are excessive, redundant, or otherwise unnecessary . . . .").  Based on the

17    Court's review of defense counsel's invoices and prebills, including the detailed

18    time entries, (Dkt. 18-4 at 3-13), the Court concludes that all of the time requested

19    for reimbursement was reasonably necessary to bring the Special Motion to Strike

20    with the exception of the time spent preparing and filing Defendant's Motion for

21    Continuing Case Management Conference, Continuing Rule 26 Obligations, and

22    Thereby Staying Discovery Pending Outcome of Anti-SLAPP Motion (the "Motion

23    for Continuance").  (Dkt. 17.)  The Court concludes that the Motion for Continuance

24    was not necessary to bring the Special Motion to Strike, and although it was

25    arguably related, the Motion for Continuance was more focused on general case

26    management.  As explained above, the intent of the California Legislature was only

27    to reimburse the prevailing party for the cost of bringing the special motion to strike,

28    not for litigating the entire action.  See S. B. Beach Prop., 39 Cal. 4th at 138.

1
2

Accordingly, the Court declines to reimburse the following time entries related to the Motion for Continuance:

3
4
5

- 2/19/25, Mr. Burr, 1.0 Hours, "Draft stipulation on continuation of discovery deadliness and case management conference pending resolution of anti-slapp motion." (Dtk. 18-4 at 10.)

6
7
8

- 3/3/25, Mr. Burr, .5 Hours, "Revise stipulation of continuing case management conference until after anti-slapp motion ruling and communicate the same to Ben Wagner." (Id. at 10-11.)

9
10
11
12
13
14

- 3/5/25, Mr. Burr, 3.5 Hours, "Further draft more fullsome motion to dismiss and continue CMC hearing, including motion (.3), memorandum of law in support of the same (1.9), and proposed order for the same (.2); conduct research to assist in the same, including legal basis for when federal Court's grant stays under the California state statute (1.1)." (Id. at 11.)

15
16
17
18

- 3/5/25, Mr. Burr, .3 Hours, "Draft responsive email to opposing counsel regarding filing of motion to continue case management conference pending ruling on anti-slapp motion and conference under local rules regarding the same." (Id.)

19
20
21
22

- 3/6/25, Mr. Burr, .4 Hours, "Revise motion to continue CMC hearing and stay pending ruling on anti-slapp motion based on opposition paper filed by opposing counsel and to address the lack of arguments made there." (Id.)

23
24

- 3/10/25, Mr. Reed, .2 Hours, "Discuss motion regarding discovery with J. Burr." (Id.)

25
26
27

- 3/10/25, Mr. Burr, .4 Hours, "Revise motion, memorandum of law, and proposed order regarding request to stay discovery pending anti-slapp hearing." (Id.)

28

- 3/11/25, Mr. Reed, .3 Hours, "Discuss motion with J. Burr." (Id.)

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3/11/25, Mr. Burr, .8 Hours, "Revise motion for continuance and stay pending resolution of the anti-slapp motion." (Id. at 12.)

Plaintiffs have prepared an Appendix of time entries that they contend are too general or not relevant to the Special Motion to Strike and therefore should not be reimbursed. (Dkt. 30 at 3-4.) However, the Court has reviewed all of the time entries requested for reimbursement and determined that they were all reasonably necessary to bring the Special Motion to Strike with the exception of those time entries set forth above related to the Motion for Continuance. See Camacho, 523 F.3d at 978 ("We acknowledge that the district court has a great deal of discretion in determining the reasonableness of the fee . . . ." (internal quotation marks omitted)). Plaintiffs' Appendix takes the time entries out of context and when read in context with the surrounding time entries, it is clear that the work performed was reasonably necessary to bring the Special Motion to Strike, other than those specific time entries identified by the Court as related to the Motion for Continuance.

Accordingly, the Court concludes that the following time expenditures should be reimbursed:

|  | Mr. Wagner | Mr. Burr | Mr. Reed | Invoice / Prebill |
|---|---|---|---|---|
|  | 0 | 0.5 | 1 | (Dkt. 18-4 at 3.) |
|  | 0.5 | 10.3 | 1.7 | (Dkt. 18-4 at 4.) |
|  | 1 | 2.9 | 1.7 | (Dkt. 18-4 at 5.) |
|  | 0 | 1.1 | 0 | (Dkt. 18-4 at 10.) |
|  | 0 | 5 | 1.2 | (Dkt. 18-4 at 11.) |
|  | 0 | 6.2 | 0 | (Dkt. 18-4 at 12.) |
| Total Hours: | 1.5 | 26 | 5.6 |  |
| Hourly Rate: | $1,066 | $798 | $905 |  |
| Total Fees: | $1,599 | $20,748 | $5,068 |  |
|  |  |  |  |  |
| Total Award: | $27,415 |  |  |  |

The chart set forth above includes a total amount of reimbursable time for each defense attorney corresponding to each page of the invoices and prebills. The chart

then provides the reasonable hourly rate already determined by the Court and multiplies that rate by the total amount of reimbursable time for each attorney. The chart provides the total fees reimbursable for each attorney and then sums those totals to arrive at the total award of $27,415.

In addition to the time expenditures set forth in the chart, Mr. Wagner's declaration states that "Troutman estimates another bill to GoPlus for up to an additional eight hours related to the revising, drafting, and finalization of the accompanying reply brief and hearing therefore." (Dkt. 18-1 at 5.) However, Mr. Wagner's conclusory estimate of additional time is insufficient to meet Defendant's burden to justify the hours claimed. See Chalmers, 796 F.2d at 1210. Accordingly, the Court concludes that Defendant's request for an additional eight hours of reimbursable time is insufficiently supported and must be denied.

In sum, the Court concludes that Defendant is entitled to reimbursement of **$27,415** as the prevailing party on the Special Motion to Strike. The Court notes that it has considered all the arguments in Plaintiffs' Objection and has rejected any argument not specifically addressed above. See Gates v. Deukmejian, 987 F.2d 1392, 1400 (9th Cir. 1992) ("As long as the district court supplies us with a sufficient understanding of the reasons for its decision additional exposition is unnecessary and we will presume that the district court *implicitly* rejected those specific challenges to plaintiffs' billing judgment deductions that it did not expressly discuss in its order.").

## V.

## CONCLUSION

Consistent with the foregoing, the Court AWARDS Defendant **$27,415** in attorneys' fees reasonably incurred in bringing the Special Motion to Strike. Plaintiffs shall make payment and file a notice of compliance no later than **November 3, 2025**, or the Court will impose sanctions for late payment.

1

IT IS SO ORDERED.

2

3

DATED:  October 20, 2025

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13